UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRES DAWSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WONDERFUL PISTACHIOS AND ALMONDS LLC,<br><br>　　　　　Defendant. | Case No. 1:20-mc-00005-BAM<br><br>**ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR TORRES DAWSON**<br><br>(Doc. No. 5) |

Currently before the Court is the *ex parte* application of Wonderful Pistachios and Almonds LLC ("Wonderful") for Torres Dawson ("Dawson") to appear for a judgment debtor examination and to produce documents. (Doc. No. 5.)

**I.　BACKGROUND**

On November 17, 2017, Dawson, on behalf of himself and all others similarly situated, filed a complaint against Wonderful in the Superior Court of California for the City and County of Los Angeles. (Doc. No. 5-2.) Wonderful removed the action to the United States District Court for the Central District of California on January 31, 2018. (*Id.*) On April 27, 2017, Wonderful's Motion for Judgment on the Pleadings was granted and judgment was entered in favor of Wonderful and against Dawson. (*Id.*) Wonderful was awarded its costs of suit. (*Id.*)

On January 30, 2020, Wonderful filed a Registration of Foreign Judgment with this Court. (Doc. No. 1.) Wonderful filed an Application for Writ of Execution on January 31, 2020, and a Writ of Execution issued on February 5, 2020, in the total amount of $1,122.60. (Doc. Nos. 2, 3.)

Wonderful now applies *ex parte* for an order requiring Dawson to appear before the Court for a judgment debtor examination and to produce, at least one week prior to the judgment debtor

examination, information regarding his property and assets.  (Doc. No. 5.)

**II.    DISCUSSION**

A judgment entered in any district court may be registered in any other district by filing a certified copy of the judgment once it has become final.  28 U.S.C. § 1963.  Such a judgment "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.*

Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." "[T]he procedure on execution is to be in accordance with the procedure of the state in which the district court is located at the time the remedy is sought." *In re Estate of Ferdinand Marcos Human Rights Litigation*, 536 F.3d 980, 987-88 (9th Cir. 2008).  California Code of Civil Procedure § 708.110 provides, in turn:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal Civ. Proc. Code § 708.110(a)-(e). California Code of Civil Procedure § 708.160(b) also provides that "[a] person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles." Cal. Civ. Proc. Code § 708.160(b).

Here, the Court finds that Wonderful has satisfied the requirements for registration of a foreign judgment as a certified copy of the judgment issued by the United States District Court for the Central District of California has been filed with this Court. (*See* Doc. No. 1.) Wonderful's application also sets forth the showing required by Federal Rule of Civil Procedure 69(a)(2) and the applicable provisions of the California Code of Civil Procedure §§ 708.110 and 708.160. According to the application, Dawson has not made any payments of the outstanding judgment amount. (Doc. No. 5-2 at 3.) More than thirty (30) days have lapsed since entry of the judgment and Dawson has not sought or obtained a stay. (*Id.*) Additionally, Wonderful has not previously sought nor conducted a judgment debtor examination of Dawson. (*Id.*) Further, Dawson's place of residence is more than 150 miles from the courthouse for the United States District Court for the Central District of California, but he is believed to reside in Bakersfield, California, within one hundred and fifty miles of this Court. (*Id.*)

Plaintiff also seeks to require Dawson to produce documents prior to the examination. Under California law, judgment debtor proceedings "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) (quoting *Imperial Bank v. Pim Elec., Inc.*, 33 Cal.App.4th 540 (1995)). Debtor examination is intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor, and to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 970 (C.D. Cal. 2008) (citations and internal punctuation omitted).

California Code of Civil Procedure section 708.030(a) provides that a "judgment creditor

3

may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made. . . ." Cal. Civ. Proc. Code § 708.030; *see also* Fed. R. Civ. P. 69(a)(1). Accordingly, the Dawson shall produce documents for inspection as directed by this order.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff/Judgment Debtor Torres Dawson shall appear personally on **Wednesday June 10, 2020, at 10:00 a.m.** in Courtroom 8 of the United States District Courthouse, located at 2500 Tulare Street, Fresno, California, 93721, to furnish information to aid in enforcement of a money judgment by answering questions about Plaintiff/Judgment Debtor's real and personal property and assets;

2. Plaintiff/Judgment Debtor Torres Dawson shall produce the following documents to Defendant/Judgment Creditor Wonderful Pistachios and Almonds LLC's counsel, Lisa A. Stilson; Roll Law Group PC; 11444 West Olympic Boulevard; 7th Floor, Los Angeles, California 90064, on or before **June 3, 2020**:

   a. Any and all information and documentation identifying real property, personal property, intellectual property, computers, electronics, vehicles, boats, bank accounts, brokerage accounts, retirement accounts, securities, stocks, life insurance policies, bank deposits, cash, and all other assets owned by Dawson, including, but not limited to, information relating to financial accounts and monies owed to Dawson by others. Such information and documents shall include, without limitation, the location of any and all property and assets of Dawson.

   b. All of Dawson's accounting records, computerized, electronic and/or in printed or paper format for the years 2018 through the present.

   c. All tax returns filed by or on behalf of Dawson with any governmental body for the years 2018 through the present.

      d.   All of Dawson's statements, cancelled checks and related banking documents for any bank, brokerage, financial or retirement account controlled at least in part by Dawson, or recorded in the name of Dawson, for the years 2018 through the present.

      e.   All of Dawson's checkbooks, checkbook stubs and checkbook entries for the years 2018 through the present.

      f.   Any settlement agreements by which another party has agreed to pay money to Dawson.

      g.   All credit card statements of Dawson for the years 2018 through the present.

      h.   Documents sufficient to show Dawson's gross revenues for each month for the years 2018 through the present.

      i.   Documents sufficient to show Dawson's costs and expenses for each month for the years 2018 through the present; and

3. Defendant/Judgment Creditor must serve this order upon Plaintiff/Judgment Debtor Dawson personally, not less than ten (10) days before the date set for the examination and must file a certificate of such service with the Court.

**NOTICE TO JUDGMENT DEBTOR. IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

IT IS SO ORDERED.

Dated: __March 23, 2020__        /s/ *Barbara A. McAuliffe*
                                                               UNITED STATES MAGISTRATE JUDGE